1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  Jonathan W. Carlson
   Nevada Bar No. 10536
3    *jonathan.carlson@mccormickbarstow.com*
   Cheryl A. Grames
4  Nevada Bar No. 12752
     *cheryl.grames@mccormickbarstow.com*
5  Mandy Vogel
   Nevada Bar No. 16150
6    *mandy.vogel@mccormickbarstow.com*
   7160 Rafael Rivera Way, Suite 320
7  Las Vegas, Nevada 89113
   Telephone:    (702) 949-1100
8  Facsimile:    (702) 949-1101

9  Attorneys for American Economy Insurance,
   Liberty Mutual Insurance Company, and Safeco
10 Insurance

11                    UNITED STATES DISTRICT COURT

12                          DISTRICT OF NEVADA

13

14
   MAHVASH AHMED, individually; and       Case No.  2:25-cv-01414
15 MUHAMMAD AYUB, individually,
                                          **DEFENDANTS' NOTICE OF REMOVAL**
16              Plaintiffs,                **OF CIVIL ACTION UNDER 28 U.S.C.**
                                           **§1441 (DIVERSITY JURISDICTION)**
17        v.

18 AMERICAN ECONOMY INSURANCE; and
   LIBERTY MUTUAL INSURANCE
19 COMPANY, and SAFECO INSURANCE;
   and DOES I through X, inclusive, and ROE
20 CORPORATIONS I through X, inclusive,

21              Defendants.

22

23 TO THE CLERK OF THE UNITED STATED DISTRICT COURT FOR THE DISTRICT OF

24 NEVADA, PLAINTIFF AND HER ATTORNEYS:

25        PLEASE TAKE NOTICE that Defendants American Economy Insurance, Liberty Mutual

26 Insurance Company, and Safeco Insurance (collectively "Liberty Mutual") hereby remove this

27 action to the United States District Court for the District of Nevada pursuant to 29 U.S.C. §1441(b)

28 and 1446.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7160 Rafael Rivera Way, Suite 320
Las Vegas, NV 89113

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441 (DIVERSITY
JURISDICTION)

## I.    COMPLIANCE WITH STATUTORY REQUIREMENTS

1.    On or about June 3, 2025, plaintiffs Mahvash Ahmed and Muhammad Ayub ("Plaintiffs") filed a lawsuit in the District Court for Clark County, Nevada, entitled *Mahvash Ahmed and Muhammad Ayub v. 911 Restoration of Las Vegas LLC,* case no. A-25-920272-C. Attached hereto as Exhibit A is a true and correct copy of the original complaint.  In the original complaint, Plaintiffs alleged causes of action for Breach of Contract against 911 Restoration of Las Vegas LLC.  The complaint alleged that Plaintiffs reported water damage to their home located at 3625 Tobias Lane, Las Vegas, NV on or about July 18, 2022. (Ex. "A," ¶10) Plaintiffs alleged that they hired 911 Restoration of Las Vegas LLC to mitigate the water damage that same day. (Ex. "A," ¶11)  The Complaint alleged that Plaintiffs had homeowners insurance for this water damage loss through Liberty Mutual. (Ex. "A," ¶12)  Plaintiffs alleged that Liberty Mutual's investigation concluded that 911 Restoration of Las Vegas LLC performed defective mitigation work and caused damage to their property. (Ex. "A," ¶¶13-14)  Via their Complaint, Plaintiffs sought compensatory damages, attorneys' fees and interest, among other damages.

2.    On or about June 26, 2025, Plaintiffs filed their Amended Complaint, adding American Economy Insurance, Liberty Mutual Insurance Company, and Safeco Insurance (collectively, "Liberty Mutual") as named Defendants to the litigation.  Attached hereto as Exhibit B is a true and correct copy of the Amended Complaint.  In addition to the newly added Liberty Mutual Defendants, Plaintiffs alleged causes of action for Breach of the Implied Covenant of Good Faith and Fair Dealing and Statutory Violations of NRS 686A.310 against the Liberty Mutual Defendants.  The Amended Complaint alleged that Plaintiffs' homeowners' policy was issued by American Economy Insurance Company, a Safeco Company. (Ex. "B," ¶15)  The Amended Complaint further alleged that American Economy and Liberty Mutual "are two of many insurers operating under the SAFECO family of insurance companies." (Ex. "A," ¶22).  Plaintiffs alleged that the Liberty Mutual Defendants ultimately mishandled their claim. (*See, e.g.*, Ex. "A," ¶¶112-113)

3.    On or about July 3, 2025, Plaintiffs served a copy of the Amended Complaint on the Liberty Mutual Defendants by and through personally serving the same on the Nevada Division of

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441 (DIVERSITY JURISDICTION)

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7160 RAFAEL RIVERA WAY, SUITE 320
LAS VEGAS, NV 89113

Insurance.  True and correct copies of the Affidavits of Service are collectively attached hereto as Exhibit C.

4.      Pursuant to 28 U.S.C. §1446(d), Liberty Mutual will promptly provide written notice of removal of this action to Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the District Court for Clark County, Nevada.

5.      The United States District Court for the District of Nevada embraces Clark County, the county in which the action is pending.  Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§108(a) and 1441(a).

## II.      STATEMENT OF THE GROUNDS FOR REMOVAL

### A.      Removal Is Timely Pursuant to 28 U.S.C. §1446(b)

6.      Liberty Mutual removed this action on August 4, 2025 within the thirty (30) day filing period provided by 28 U.S.C. §1446(b).  Specifically, Plaintiffs served a copy of the Amended Complaint by personally delivering and leaving a copy with the Nevada Division of Insurance, as statutorily permitted for service upon Liberty Mutual.  (*See* Ex. C)  No other service has been effectuated.  Thus, this removal is within 30 days of receipt of the Summons and Complaint by the Liberty Mutual Defendants.

### B.      Complete Diversity Of Citizenship Between Plaintiffs And All Defendants

7.      Liberty Mutual removes this case under 28 U.S.C. §1441(b).  Removal is proper because: (1) there is complete diversity between Liberty Mutual, on the one hand, and Plaintiffs, on the other hand; and (2) this matter is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.  Specifically, the residency of 911 Restoration of Las Vegas LLC is no longer relevant as it was voluntarily dismissed by Plaintiffs on July 24, 2025. A true and correct copy of the voluntary dismissal is attached hereto as Exhibit D.

8.      Liberty Mutual's removal is timely under 28 U.S.C. § 1446(b)(1) because it is filed within thirty (30) days after Plaintiffs served a copy of the original complaint on Liberty Mutual by and through the Nevada Division of Insurance.

9.      American Economy Insurance Company, the entity under which Plaintiffs' insurance policy is underwritten, is a corporation organized under the laws of Indiana with its principal place

of business located in Boston, Massachusetts.  A corporation is a citizen of the state in which it is incorporated and the state where it maintains its principal place of business.  28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  Therefore, for diversity purposes, American Economy Insurance Company isa citizen of Indiana and Massachusetts.

10.     Plaintiffs are and were at the time of commencement of the action a citizen of the United States who are and were domiciled in and a resident of Clark County, Nevada, making them a citizen of Nevada for purposes of diversity.  (*See* Ex. "B," ¶¶2-3).  There is no indication that Plaintiffs are or were citizens of Indiana or Massachusetts, the only fact which would destroy diversity of citizenship in this case.

**C.     The Amount In Controversy Is Met**

11.     Plaintiffs alleged to have suffered property damage loss totaling no less than $181,680.72.  (Ex. "B," ¶101)

12.     Additional evidence further establishes that Plaintiff is seeking more than $75,000 in this action.  Specifically, Plaintiff's claims for punitive damages and attorneys' fee establish, by a preponderance of the evidence, that the amount in controversy is well above the Court's jurisdictional minimum of $75,000.  (Ex. "B," Prayer for Relief, no. 3 [attorney's fees], Prayer for Relief no. 5 [punitive damages].)

A.     <u>Attorney's Fees</u>:     Likewise, a claim for attorney's fees is also included in determining the amount in controversy.  *Goldberg v. CPC Int'L, Inc.* 678 F.2d 1365 (9th Cir. 1982); *see also Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir., 1998) (attorney's fee claims are to be included in amount in controversy amount regardless of whether award is discretionary or mandatory.).

1.     Courts in Nevada and California have repeatedly awarded attorney's fees in excess of the $75,000 amount in controversy requirement on insurance bad faith claims proven at trial.  *See, e.g., Merrick v. Paul Revere Ins. Co.*, 2004 WL 4191531 (D.Nev. 2004) (jury verdict awarding $500,000 in attorneys' fees for successful first party insurance bad faith claim); *Diane K. Thomas v. Fire Insurance Exchange*, 38 Trials Digest (TD 1991) 12509 (award of $213,000 in attorney's fees for successful first party insurance bad faith claim); *Jack & Esther*

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441 (DIVERSITY JURISDICTION)

1    *Podlesak v. National Union Fire Insurance Co. of Pittsburgh, PA, Inc.*, 38 Trials Digest (TD 1991)

2    12425 (award of $250,000 in attorney's fees for successful first party insurance bad faith claim).

3          2.      Thus, if Plaintiff is able to prove his claims at trial, it is reasonable to

4    conclude that Plaintiff will seek, and a jury may award, an amount in excess of $75,000 for

5    attorney's fees. Accordingly, both standing alone and in conjunction with Plaintiff's current

6    estimate of his compensatory damages as $181,680.72, the potential for recovery of attorney's fees

7    establishes by a preponderance of the evidence that the amount in controversy clearly exceeds

8    $75,000.

9       B.     <u>Punitive Damages</u>:    Punitive damages are included in determining the amount in

10    controversy. *Bell v. Preferred Life Society,* 320 U.S. 238, 240 (1943); *t Gibson v. Chrysler Corp.,*

11    261 F.3d 927, 945 (9th Cir. 2001).

12          1.      For purposes of determining the amount in controversy in the context

13    of removal, federal courts commonly use a "conservative" one to one (1 to 1) ratio of punitive

14    damages to compensatory damages   *See, e.g., Guglielmino v. McKee Foods Corp.*, 506 F.3d 696,

15    698 (9th Cir. 2007); *Brooks v. Sanofi, S.A.*, 2020 WL 1847682, at *4 (D.Nev. 2020); *Hawkins v.*

16    *Kroger Co.*, 337 F.R.D. 518, 530 (S.D.Cal. 2020); *Johnson v. Wal-Mart Assocs., Inc.*, 2023 WL

17    2713988, at *7 (C.D.Cal. 2023). Applying a 1 to 1 ratio of punitive damages to Plaintiff's current

18    estimate of his compensatory damages as $181,680.72 establishes that the amount in controversy in

19    this action is $363,361.44 which clearly exceeds the $75,000 amount in controversy threshold.

20          2.      Also, the reasonably probable amount of recoverable punitive

21    damages can be established by citation to punitive damages awards in other cases for purposes of

22    establishing the amount in controversy. *See Brooks* at *4; *Campbell v. Hartford Life Ins. Co.*, 825

23    F.Supp.2d 1005, 1008 (E.D.Cal. 2011). In insurance bad faith case, Nevada and California courts

24    have repeatedly awarded punitive damage awards well in excess of the minimum $75,000 amount

25    in controversy. *See Merrick v. Paul Revere Ins. Co.*, 2004 WL 4191531 (D.Nev. 2004) (entering a

26    jury verdict for plaintiff in the amount of $11,650,000, including $10,000,000 in punitive damages

27    for insured's bad faith claim and a finding of fraud and malice); *Hires v. Republic Ins. Co.,* 1988

28    WL 366239 (D.Nev. 1988) (awarding plaintiff $22.5 million in punitive damages along with

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7160 RAFAEL RIVERA WAY, SUITE 320
LAS VEGAS, NV 89113

5

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441 (DIVERSITY JURISDICTION)

$415,800 in compensatory damages for insurer's bad faith handling of its insured's claim); *Helms v. Industrial Indemnity*, 1994 WL 16886411 (D.Nev. 1994) (awarding plaintiff a punitive damages award of $30 million when jury found that insurer breached the implied covenant of good faith and a showing of insurer's oppression, fraud, and malice); *Clayton v. United Servs. Auto. Assn.*, 54 Cal.App.4th 1158, 1160 (1997) (in successful UIM case affirming award of $3.9 million in punitive damages in addition to compensatory damages of $29,310 for economic loss and $400,000 in emotional distress damages).

3.     Thus, if Plaintiff is able to prove his claims at trial, it is reasonable to conclude that Plaintiff will seek, and a jury may award, an amount in excess of $75,000 for punitive damages.  Accordingly, both standing alone and in conjunction with Plaintiff's current estimate of his compensatory damages as $181,680.72, the potential for recovery of punitive damages establishes by a preponderance of the evidence that the amount in controversy clearly exceeds $75,000.

**WHEREFORE**, Liberty Mutual prays that the action now pending against it in the District Court for Clark County, Nevada, be removed to this United States District Court for the District of Nevada.

August 4, 2025

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By _____/s/ Jonathan W. Carlson_____
Jonathan W. Carlson, Nevada Bar No. 10536
Cheryl A. Grames, Nevada Bar No. 12752
Mandy Vogel, Nevada Bar No. 16150
7160 Rafael Rivera Way, Suite 320
Las Vegas, Nevada 89113
Tel. (702) 949-1100

Attorneys for American Economy Insurance, Liberty Mutual Insurance Company, and Safeco Insurance

11888879.1

1

**<u>CERTIFICATE OF SERVICE</u>**

2

     I hereby certify that on this 4th day of August, 2025, a true and correct copy

3

of **DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441**

4

**(DIVERSITY JURISDICTION)** was served via the United States District Court CM/ECF system

5

on all parties or persons requiring notice.

6

7

     By  /s/ Cheryl A. Schneider

8

       Cheryl A. Schneider, an Employee of
       McCORMICK,     BARSTOW,     SHEPPARD,

9

       WAYTE & CARRUTH LLP

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MᴄCᴏʀᴍɪᴄᴋ, Bᴀʀsᴛᴏᴡ,
Sʜᴇᴘᴘᴀʀᴅ, Wᴀʏᴛᴇ &
Cᴀʀʀᴜᴛʜ LLP
7160 RAFAEL RIVERA WAY, SUITE 320
LAS VEGAS, NV 89113

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441 (DIVERSITY JURISDICTION)